IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY BOYD,

        Plaintiff,

v.                                    Civ. No. 07-502 JH/RLP

THE UNITED STATES OF AMERICA

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion for Summary Judgment and Memorandum in Support* [Doc. No. 15]. The Court has considered the law, the evidence, and the arguments of counsel as set forth in their briefs. In accordance with Rule 56 of the Federal Rules of Civil Procedure, the Court has construed the evidence in the light most favorable to the Plaintiff in order to determine if there is a genuine issue of material fact for trial. In light of the foregoing, the Court concludes that Defendant's motion should be denied.

## FACTUAL BACKGROUND

Viewed in the light most favorable to the Plaintiff, the facts (as supported by the evidence submitted by the parties) are as follows.[1] In the late afternoon of Saturday, February 12, 2005, Plaintiff Nancy Boyd ("Boyd") went to the Main Post Office in Albuquerque to retrieve her mail. Boyd had maintained a post office box at that location since September of 1982, and therefore had been there many times before. At that time, the main lobby of the Post Office was closed to the public, leaving only the post office box section accessible. Romero Depo. at p. 6. As she entered the Post Office's south entrance (the only entrance open at the

---

[1] The Court notes that Defendant has come forward with evidence to contradict Plaintiff's evidence on certain key points, including the number of A-frame barriers, whether there was cautionary tape or ribbon between them to close off the area, and whether Romero warned Plaintiff to "be careful, the floor is wet." However, for purposes of summary judgment the Court resolves those conflicts in favor of the Plaintiff.

time), Boyd passed a janitor, Julian Romero ("Romero"), who was standing there with a bucket and mop.  Boyd Depo. at pp. 27-28.  The two exchanged a brief greeting, and Boyd continued walking toward her mailbox.  *Id*. at p. 28.  As she did so, Boyd noticed three "ladder-type" signs on the floor, known as A-frames.  Romero Depo. at p. 11; Boyd Dec. at ¶ 1.  One said "wet floor," while the other two said nothing, or if they did, Boyd did not notice.  Boyd Depo.  at pp. 28-29.  There was no tape between the signs to block off the area.  *Id*. at pp. 28, 34; Boyd Dec. at ¶ 1.  Seeing the signs, Boyd expected the floor to be wet with water; she did not anticipate that it had been waxed.  *Id*. at pp. 29-30.  At the time, Boyd observed the floor and thought it appeared wet with water.  *Id*. at p. 30.  Also, the signs did not say that the floor was waxed.  Romero Depo. at p. 17.  Seeing the signs, Boyd paused and looked for Romero with the expectation of asking him to get her mail for her, but he had already walked away.  Boyd Depo.  at pp. 30-31.  Boyd viewed the area and chose one of two routes to her box, electing the one that appeared less wet to her.  *Id*. at p. 34.  She had walked on wet floors before, though not on waxed floors.  *Id*.  As she started to walk on the side that appeared less wet to her, Boyd slipped and fell, injuring her wrist.  *Id*. at pp. 34-37.

On May 23, 2007, Boyd filed her complaint against the United States alleging that its premises were in an unreasonably dangerous condition and that it was negligent in creating the dangerous condition, failing to inspect and correct it, failing to warn her of it, and failing to protect her from it.

## **DISCUSSION**

The issue raised by Defendant's motion is essentially one of the scope of its duty to Boyd and other business invitees.  Defendant argues that by placing the A-frame warning signs in front of the area that had been freshly mopped and waxed, it satisfied its duty to Boyd, who was on

2

alert that the floor was wet with some substance.  Defendant contends that it had no duty to inform Boyd specifically that the substance was wax, and that even though it was obvious to her that the floor was wet, she unreasonably chose to walk on it anyway.  On the other hand, Boyd contends that Defendant had a duty to put up signs saying "fresh wax" and to block off the area with tape.  Boyd also contends that Romero, knowing the floor was wet with wax, should have offered to get her mail for her.

One who creates a dangerous condition has a duty reasonably to warn others of that danger.  Restatement (Second) of Torts § 321 (1965) (stating that if an actor does something he realizes "has created an unreasonable risk of causing physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect").  The New Mexico Uniform Jury Instructions provide explicit guidance for slip-and-fall cases.  First, NM UJI 13-1318 provides:

> An owner owes a visitor the duty to exercise ordinary care to keep the premises safe for the visitor's use.  This duty applies whether or not a dangerous condition is obvious.  In performing this duty, the owner is charged with knowledge of any condition on the premises of which the owner would have had knowledge had it made a reasonable inspection of the premises or which was caused by the owner or its employees.

This slip-and-fall instruction must be given with NM UJI's 13-1601 and 1603, defining negligence and ordinary care.  Those instructions provide, respectively:

> The term "negligence" may relate either to an act or a failure to act.  An act, to be "negligence", must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to himself or to another and which such a person, in the exercise of ordinary care, would not do.  A failure to act, to be "negligence", must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to himself or to another.

> "Ordinary care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs. What constitutes "ordinary care" varies with the nature of what is being done.  As the risk of danger that

3

> should reasonably be foreseen increases, the amount of care required also
> increases. In deciding whether ordinary care has been used, the conduct in
> question must be considered in the light of all the surrounding
> circumstances.

These jury instructions demonstrate that under New Mexico law, the Defendant owed Boyd a duty of ordinary care---that is, it must do what a reasonably prudent person would do under the circumstances---to prevent injury to Boyd.

In *Klopp v. Wackenhut Corp.*, 113 N.M. 153, 157, 824 P.2d 293, 297 (1992), the New Mexico Supreme Court held that "in a place of public accommodation, an occupier of the premises owes a duty to safeguard each business visitor whom the occupier reasonably may foresee could be injured by a danger avoidable through reasonable precautions available to the occupier of the premises."   Under *Klopp*, neither the open and obvious nature of a defect nor the injured party's own negligence constitutes an automatic bar to a plaintiff's recovery.  *Id.  See also Stetz v. Skaggs Drugs Centers, Inc.*, 114 N.M. 465, 467, 840 P.2d 612, 614 (Ct. App. 1992). "Rather, it is only when the contributory negligence of the business visitor is so extraordinary as to have been unforeseeable that the occupant's failure to take precautions against an open and obvious risk does not constitute a breach of duty."  *Stetz*, 114 N.M. at 467 (citing *Klopp*, 113 N.M. at 158, 824 P.2d at 298).  Therefore, *Klopp* directs the trial court to determine first as a matter of law whether "the contributory negligence of the business visitor was foreseeable in the face of known or obvious dangers," and, if it was, to instruct the jury[2] to decide whether the occupier of the premises breached its duty to use ordinary care to keep the premises safe for such visitors. *Id*.

Thus, under *Klopp* and its progeny this Court must first determine whether Boyd's negligence in choosing to walk on the wet floor, despite the warning signs and the fact that it

---

[2]  In this case, parties have not requested a jury, and therefore the Court will act as factfinder.

4

was visibly wet, was "so extraordinary as to have been unforeseeable."  The Court concludes that Boyd's behavior does not meet that criteria.  While Boyd's behavior was certainly imprudent, the Court cannot conclude that it was altogether unforeseeable to Defendant that some postal patrons, arriving at the Post Office after regular business hours (and therefore presumably for the sole purpose of picking up their mail) would attempt to cross a wet floor in order to empty their Post Office boxes.

Next, under *Klopp* and *Stetz* the Court must determine whether there is a genuine issue of material fact on the question of whether Defendant breached its duty to use ordinary care to keep the premises safe for such visitors.  In that regard, Defendant has come forward with evidence that Romero put out more than three A-frame warning signs and connected the signs with cautionary tape to form a barrier.  Romero Depo. at pp. 11-14.  He also testified that he told Boyd, "Be careful, the floor is wet."  *Id.* at p. 15.  Though Boyd disputes this evidence, it does create a genuine issue of material fact on the issue of ordinary care that must be resolved at trial.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Summary Judgment and Memorandum in Support* [Doc. No. 15] is **DENIED**.

**UNITED STATES DISTRICT JUDGE**